# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>        *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 18-224<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of certain other components of DOJ, including the Office of the Attorney General (OAG), the Office of the Deputy Attorney General (ODAG), the Office of Legislative Affairs (OLA), the Office of Public Affairs (PAO), and the Office of Privacy and Civil Liberties (OPCL), among others. The Office of the Inspector General (OIG), the Federal Bureau of Investigation (FBI), and the Office of Legal Counsel (OLC) are also components of DOJ. OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC have possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. In 2017, the DOJ's inspector general began an investigation into the FBI's handling of its inquiry into the use of a private email server by former Secretary of State Hillary Clinton and other related matters. As part of that investigation, the IG reportedly obtained text messages exchanged between Peter Strzok (an FBI agent involved in investigating Secretary Clinton's email use) and Lisa Page (an FBI lawyer).

8. On information and belief, on December 12, 2017, DOJ invited reporters to its offices to view text messages exchanged between Mr. Strzok and Ms. Page.

9. One media organization reported that it obtained approximately 10,000 text messages exchanged between Mr. Strzok and Ms. Page from DOJ.

10. DOJ reportedly also disclosed approximately 375 text messages to Congress in anticipation of testimony by Deputy Attorney General Rod Rosenstein before the House Judiciary Committee on December 13, 2017.

11. On December 13, 2017, American Oversight submitted four FOIA requests to DOJ seeking access to records related to the decision to release those private text messages to Congress and the media. On December 19, 2017, American Oversight submitted two additional FOIA requests on the same topic, resulting in six total FOIA requests.

*FOIA Request #1: Communications re: Release of Texts to Reporters*

12. In the first FOIA request, American Oversight sought access to the following records relating to the release of private text messages to reporters:

1) All communications relating to the decision to share text messages between DOJ employees Peter Strzok and Lisa Page with reporters.

2) All communications with any reporters, journalists, or other representatives of social or news media (a) sharing or arranging to share (or otherwise make available for review) any text messages

      between DOJ employees Peter Strzok and Lisa Page; or (b) commenting or opining on the contents or import of those messages.

3) Any records reflecting any discussion, evaluation, consideration, or opinion regarding whether it was appropriate under the Privacy Act to share text messages between DOJ employees Peter Strzok and Lisa Page with reporters.

4) All communications with any attorneys representing DOJ employees Peter Strzok or Lisa Page regarding the decision to share text messages exchanged between Mr. Strzok and Ms. Page with reporters.

American Oversight sought all responsive records from November 15, 2017, to the date of the search. American Oversight specified that the search for responsive records should include all individuals and locations where responsive records are likely to exist, including at least OAG, ODAG, OLA, PAO, OPCL, OIG, and FBI (including several specifically enumerated FBI offices). A copy of FOIA Request #1 is attached hereto as Exhibit A and incorporated herein.

    13.    OIP has assigned FOIA Request #1 the following tracking numbers: DOJ-2018-001444 (OAG), DOJ-2018-001530 (ODAG and OPCL), DOJ-2018-001531 (PAO), and DOJ-2018-001532 (OLA). FBI assigned FOIA Request #1 tracking number 1391669-000. OIG assigned FOIA Request #1 tracking number 18-OIG-079.

    *FOIA Request #2: Communications re: Release of Texts to Congress*

    14.    In the second FOIA request, American Oversight sought access to similar records relating to the release of private text messages to Congress, as follows:

1) All communications relating to the decision to share text messages between DOJ employees Peter Strzok and Lisa Page with Congress notwithstanding the fact that OIG's investigation is ongoing.

2) All communications arranging to share text messages between DOJ employees Peter Strzok and Lisa Page with any member of Congress or congressional staff member.

4

3) Any records reflecting any discussion, evaluation, consideration, or opinion regarding whether it was appropriate under the Privacy Act to share text messages between DOJ employees Peter Strzok and Lisa Page with Congress.

4) All communications with any attorneys representing DOJ employees Peter Strzok or Lisa Page regarding the decision to share text messages exchanged between Mr. Strzok and Ms. Page with Congress.

American Oversight sought all responsive records from November 15, 2017, to the date of the search. American Oversight specified that the search for responsive records should include all individuals and locations where responsive records are likely to exist, including at least OAG, ODAG, OLA, PAO, OPCL, OIG, and FBI (including several specifically enumerated FBI offices). A copy of FOIA Request #2 is attached hereto as Exhibit B and incorporated herein.

15. OIP has assigned FOIA Request #2 the following tracking numbers: DOJ-2018-001445 (OAG), DOJ-2018-001533 (ODAG and OPCL), DOJ-2018-001534 (PAO), and DOJ-2018-001535 (OLA). FBI assigned FOIA Request #2 tracking number 1391660-000. OIG assigned FOIA Request #2 tracking number 18-OIG-080.

*FOIA Request #3: Text Messages*

16. In the third FOIA request, American Oversight sought access to the following records from PAO and OLA:

1) Copies of all text messages between Peter Strzok and Lisa Page shared with reporters.

2) Copies of all text messages between Peter Strzok and Lisa Page shared with Congress.

A copy of FOIA Request #3 is attached hereto as Exhibit C and incorporated herein.

17. OIP has assigned FOIA Request #3 the following tracking numbers: DOJ-2018-001446 (PAO) and DOJ-2018-001536 (OLA).

*FOIA Request #4: OIG Analysis*

18. In the fourth FOIA request, American Oversight sought access to the following records from OIG:

> 1) All records informing the DOJ Inspector General of the decision to share text messages exchanged between DOJ employees Peter Strzok and Lisa Page (which were obtained as part of the ongoing OIG investigation of the FBI's handling of the Clinton email server investigation) with reporters.
>
> 2) All records reflecting the views, opinions, or other reactions expressed by the IG in response to the decision described in part (1) above.
>
> 3) All records informing the DOJ Inspector General of the decision to share text messages exchanged between DOJ employees Peter Strzok and Lisa Page (which were obtained as part of the ongoing OIG investigation of the FBI's handling of the Clinton email server investigation) with Congress.
>
> 4) All records reflecting the views, opinions, or other reactions expressed by the IG in response to the decision described in part (3) above.

American Oversight sought all responsive records from November 15, 2017, to the date of the search. A copy of FOIA Request #4 is attached hereto as Exhibit D and incorporated herein.

19. OIG has assigned FOIA Request #4 tracking number 18-OIG-081.

*FOIA Request #5: OLC Advice re: Congress*

20. On December 19, 2017, American Oversight sought access to the following records from OLC:

> Any records reflecting legal or ethical advice regarding the appropriateness of sharing text messages between DOJ employees Peter Strzok and Lisa Page with Congress.

A copy of FOIA Request #5 is attached hereto as Exhibit E and incorporated herein.

21. OLC assigned FOIA Request #5 tracking number FY18-045.

*FOIA Request #6: OLC Advice re: Reporters*

22. Also on December 19, 2017, American Oversight sought access to the following records from OLC:

> Any records reflecting legal or ethical advice regarding the appropriateness of sharing text messages between DOJ employees Peter Strzok and Lisa Page with reporters.

A copy of FOIA Request #6 is attached hereto as Exhibit F and incorporated herein.

23. OLC assigned FOIA Request #6 tracking number FY18-046.

*Request for Expedited Processing*

24. On January 4, 2018, American Oversight submitted a request that DOJ expedite the processing of these FOIA requests pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e)(1)(iv). A copy of American Oversight's request for expedition is attached hereto as Exhibit G and incorporated herein.

25. Consistent with DOJ regulations, *see* 28 C.F.R. § 16.5(e)(2), American Oversight submitted its request for expedition to the Director of the Office of Public Affairs, who makes the determination whether to grant or deny expedition requested under 28 C.F.R. § 16.5(e)(1)(iv).

26. American Oversight's FOIA requests involve matters of widespread and exceptional media interest.

27. The subject of American Oversight's FOIA requests also raise questions about the government's integrity that affect public confidence.

28. On January 12, 2018, OIP notified American Oversight that the Director of the Office of Public Affairs had granted American Oversight's request for expedition on FOIA Request #s 1, 2, and 3.

29. Also on January 12, 2018, OLC informed American Oversight that it had granted American Oversight's request for expedited processing of FOIA Requests #s 5 and 6.

30. American Oversight has not yet received any response from OIG regarding American Oversight's request for expedited processing of FOIA Request #4.

*Exhaustion of Administrative Remedies*

31. Through DOJ's failure to make a decision regarding American Oversight's request for expedited processing of FOIA Request #4 within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

32. As of the date of this Complaint, DOJ has failed to (i) notify American Oversight of any determination regarding American Oversight's FOIA requests, including the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

33. Through DOJ's failure to make a determination as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing of FOIA Request #4

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of DOJ on an expedited basis.

36. DOJ is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e).

37. The records sought by American Oversight in FOIA Request #4 relate to a matter of widespread and exceptional media interest in which there exist possible questions concerning the government's integrity that affect public confidence, and therefore justify expedited processing under 28 C.F.R. § 16.5(e)(1)(iv).

38. DOJ failed to make a determination as to whether expedited processing was appropriate and notify American Oversight of any such determination within ten days after the date of the request.

39. DOJ's failure to grant expedited processing of FOIA Request #4 violates FOIA and DOJ regulations.

40. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring DOJ to grant expedited processing of FOIA Request #4.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

41. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

9

42. American Oversight properly requested records within the possession, custody, and control of DOJ.

43. DOJ is an agency subject to FOIA, and its components OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC must therefore make reasonable efforts to search for requested records.

44. DOJ, through its components OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC, has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

45. DOJ's failure to conduct an adequate search for responsive records violates FOIA.

46. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

47. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48. American Oversight properly requested records within the possession, custody, and control of DOJ.

49. DOJ is an agency subject to FOIA, and its components OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

50. DOJ, through its components OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

51. DOJ, though its components OAG, ODAG, OLA, PAO, OPCL, OIG, FBI, and OLC, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

52. DOJ's failure to provide all non-exempt responsive records violates FOIA.

53. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to expedite the processing of FOIA Request #4;

(2) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(3) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January 31, 2018

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5245
sara.creighton@americanoversight.org
austin.evers@americanoversight.org
*Counsel for Plaintiff*